**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re:

BANKIM BRAHMBHATT,

Debtor.[1]
------------------------------------------------------------x

: Chapter 11
:
: Case No. 25-73100 (AST)
:
:
:
:

### STIPULATION AND [PROPOSED] ORDER
### REGARDING SEALING MOTION IN NEW YORK STATE ACTION

The above-captioned debtor Bankim Brahmbhatt (the "Debtor"), and Alter Domus (US) LLC ("Alter Domus," and together with the Debtor, the "Parties") hereby enter into this stipulation (the "Stipulation") as follows:

### RECITALS

A.    On August 12, 2025, Plaintiff Alter Domus filed a complaint (the "Complaint") against Bankim Brahmbhatt (the "Defendant") in the Supreme Court of New York, New York County (the "New York Court") under Index No. 654771/2025 (the "New York Action").

B.    The Complaint was filed on the public docket in redacted form, with certain other papers prepared in connection with the Complaint filed under temporary seal (the "Sealed Papers").

C.    Under the local rules of the New York Court, the Sealed Papers will be unsealed unless a motion to seal is filed and a signed court order is obtained from the New York Court by August 26, 2025.

---

[1] The Debtor in this Chapter 11 Case, along with the last four digits of his social security number, is Bankim Brahmbhatt (2965). The Debtor's mailing address is: 226 Stewart Avenue, Garden City, New York 11530.

D. On August 12, 2025, after the Complaint was filed, the Defendant filed a petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court") commencing a chapter 11 bankruptcy case (the "Chapter 11 Case").

E. Upon the filing of the Chapter 11 Case, the New York Action was stayed automatically under Section 362(a) of the Bankruptcy Code.

F. During the pendency of the Chapter 11 Case, the Parties desire to maintain the confidentiality of the Sealed Papers and seek to modify the automatic stay for the limited purpose of permitting Alter Domus to file a motion seeking to permanently seal the Sealed Papers (the "Sealing Motion") and to obtain an order of the New York Court that will preserve the status quo and direct that the Sealed Papers remain sealed pending a determination of the Sealing Motion.

G. The limited actions proposed to be taken in the New York Action as described above would be taken solely to preserve the status quo of the New York Action by ensuring that the Sealed Papers (which were file under seal with the New York Court prior to the commencement of the Chapter 11 Case) remain under seal. Unless Alter Domus takes such limited actions, the Sealed Papers will become unsealed on August 26, 2025, resulting in immediate and irreparable harm to the Parties.

**NOW THEREFORE**, the Parties hereby stipulate and agree, and upon the Court's approval of the terms hereof shall be ordered and binding on all parties in interest, as follows:

1. Notwithstanding the filing of the Chapter 11 Case, the Parties consent to the filing of the Sealing Motion in the New York Action and the New York Court's entry of an Order regarding the Sealing Motion, the automatic stay imposed by Section 362(a) of the Bankruptcy Code is hereby vacated and modified, without application or further order of this Court, solely to

permit Alter Domus to file the Sealing Motion and for the New York Court to enter an Order that will preserve the status quo and direct that the Sealed Papers remain sealed pending a determination regarding the Sealing Motion and for no other purpose.

2.  Except as otherwise set forth herein, the automatic stay imposed under Section 362(a) of the Bankruptcy Code shall continue to apply to the New York Action and no further proceeding shall occur in the New York Action, except upon an Order of the Bankruptcy Court modifying the stay applicable to the New York Action entered in response to a motion to modify the automatic stay made upon notice to all Parties.

3.  The stay under Federal Rule of Bankruptcy Procedure 4001(a)(4) is waived, and this Stipulation is enforceable upon entry.

4.  The Parties hereto represent and warrant that they are duly authorized to enter into and be bound by this Stipulation.

5.  This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Stipulation.

*[The remainder of this page is intentionally left blank]*

6. This Stipulation may be executed in multiple counterparts, any of which may be transmitted by facsimile or electronic mail, and each of which will be deemed an original, but all of which together will constitute one instrument.

**STIPULATED AND AGREED TO BY:**

| OTTERBOURG P.C. | TARTER KRINSKY & DROGIN LLP |
|---|---|
| */s/ Melanie L. Cyganowski*  <br>Melanie L. Cyganowski  <br>Jennifer S. Feeney  <br>Michael R. Maizel  <br>230 Park Ave.  <br>New York, NY 10169  <br>Tel: (212) 661-9100  <br>E-mail: mcyganowski@otterbourg.com  <br>            jfeeney@otterbourg.com  <br>            mmaizel@otterbourg.com  <br><br>*Counsel to Alter Domus (US) LLC* | */s/ Scott Markowitz*  <br>Scott Markowitz  <br>1350 Broadway  <br>New York, NY 10018  <br>Tel:   (212) 216-8005  <br>Email: smarkowitz@taterkrinsky.com  <br><br>*Counsel to Debtor and Debtor-in-Possession* |

**SO ORDERED:**