**PRESENTMENT DATE: SEPTEMBER 17, 2025 AT 12:00 P.M.**
**OBJECTION DEADLINE: SEPTEMBER 16, 2025 AT 5:00 P.M.**

**TARTER KRINSKY & DROGIN LLP**
*Proposed Attorneys for Bankim Brahmbhatt*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Scott S. Markowitz, Esq.
Alex Spizz, Esq.
Rocco A. Cavaliere, Esq.
Jacob B. Gabor, Esq.
smarkowitz@tarterkrinsky.com
aspizz@tarterkrinsky.com
rcavaliere@tarterkrinsky.com
jgabor@tarterkrinsky.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
In re:                                                       :
                                                             :    Chapter 11
BANKIM BRAHMBHATT,                                           :
                                                             :    Case No.: 25–73100 (AST)
                              Debtor.                        :
------------------------------------------------------------ x

**NOTICE OF PRESENTMENT OF DEBTOR'S APPLICATION FOR ORDER
PURSUANT TO 11 U.S.C. § 327 AND FEDERAL RULE OF BANKRUPTCY
PROCEDURE 2014 AUTHORIZING RETENTION OF TARTER KRINSKY & DROGIN
LLP AS GENERAL BANKRUPTCY COUNSEL TO
THE DEBTOR AND DEBTOR-IN-POSSESSION**

**PLEASE TAKE NOTICE**, that upon the annexed application (the "Application") of Bankim Brahmbhatt, the debtor and debtor-in-possession (the "Debtor") in the above-captioned Chapter 11 case, declaration of Scott S. Markowitz (annexed to the Application as **Exhibit "A"**), and the Lar Dan declaration (annexed to the Application as **Exhibit "B"**) in support thereof, the Debtor will present a proposed order, in the form attached to the Application as **Exhibit "C"** (the "Retention Order") to the Honorable Alan S. Trust, United States Bankruptcy Judge of this

Court, on **September 17, 2025 at 12:00 p.m.**, authorizing the Debtor to retain Tarter Krinsky & Drogin LLP as general bankruptcy counsel to the Debtor effective as of the Filing Date.[1]

**PLEASE TAKE FURTHER NOTICE,** that, objections, if any, to entry of the Retention Order approving the Application must be in writing and must be served upon the undersigned proposed attorneys for the Debtor and filed with the Court, so as to be received no later than **September 16, 2025 at 5:00 p.m.** absent which there will not be a hearing and the Retention Order may be signed.

**PLEASE TAKE FURTHER NOTICE** that only if objections to the proposed Retention Order are timely served and filed, the Court shall schedule a hearing to consider the Application and any objections thereto.

Dated: New York, New York
       September 2, 2025

                **TARTER KRINSKY & DROGIN LLP**
                *Proposed Attorneys for Bankim Brahmbhatt*

                By:   */s/ Scott S. Markowitz*
                      Scott S. Markowitz, Esq.
                      Alex Spizz, Esq.
                      Rocco A. Cavaliere, Esq.
                      Jacob B. Gabor, Esq.
                      1350 Broadway, 11th Floor
                      New York, New York 10018
                      (212) 216-8000
                      smarkowitz@tarterkrinsky.com
                      aspizz@tarterkrinsky.com
                      rcavaliere@tarterkrinsky.com
                      jgabor@tarterkrinsky.com

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such term in the Application.

2

**TARTER KRINSKY & DROGIN LLP**
*Proposed Attorneys for Bankim Brahmbhatt*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Scott S. Markowitz, Esq.
Ales Spizz, Esq.
Rocco A. Cavaliere, Esq.
Jacob B. Gabor, Esq.
smarkowitz@tarterkrinsky.com
aspizz@tarterkrinsky.com
rcavaliere@tarterkrinsky.com
jgabor@tarterkrinsky.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
In re:                                                         :
                                                                    :      Chapter 11
BANKIM BRAHMBHATT,                                :
                                                                    :      Case No.: 25–73100 (AST)
                                      Debtor.              :
-------------------------------------------------------- x

### APPLICATION FOR RETENTION OF ATTORNEYS FOR DEBTOR AND DEBTOR-IN-POSSESSION

**TO:   THE HONORABLE ALAN S. TRUST
          UNITED STATES BANKRUPTCY JUDGE**

The application of Bankim Brahmbhatt ("Applicant" or the "Debtor"), respectfully shows and alleges:

1. Applicant filed a voluntary petition for reorganization pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on August 12, 2025 (the "Filing Date").

2. Applicant, as the debtor and the debtor-in-possession, desires to employ Tarter Krinsky & Drogin LLP ("TKD") as his general bankruptcy counsel.

2

3. Applicant has selected TKD for the reason that TKD has considerable experience in matters of this nature, and Applicant believes TKD is well qualified to represent him as the debtor-in-possession in this proceeding. Applicant deems it advisable that TKD be retained in order that Applicant may have adequate representation of counsel.

4. The professional services that TKD are to render are as follows:

(a) To give advice to the Debtor with respect to his powers and duties as debtor-in-possession;

(b) To negotiate with the Debtor's creditors in working out a plan of reorganization, and to take necessary legal steps in order to confirm said plan of reorganization, including, if need be, negotiations in financing a plan of reorganization;

(c) To prepare on behalf of Applicant, as the Debtor and the debtor-in-possession, necessary applications, answers, orders, reports and other legal papers;

(d) To appear before the bankruptcy judge and to protect the interests of the Debtor before the bankruptcy judge, and to represent the Debtor in all matters pending in the chapter 11 proceeding; and

(e) To perform all other legal services for Applicant, as Debtor and debtor-in-possession, which may be necessary herein.

5. It is necessary for Applicant, as the Debtor and debtor-in-possession, to employ attorneys for such professional services.

6. To the best of Applicant's knowledge, TKD has no present connection with the Debtor's creditors, any other party-in-interest, or their respective attorneys, except as set forth in the declaration of Scott S. Markowitz submitted herein as **Exhibit "A."**

7. Applicant desires to employ TKD under a general retainer because of the extensive legal services required.

8. To the best of Applicant's knowledge, TKD represents no interest adverse to Applicant as the Debtor in the matters upon which TKD is to be engaged by Applicant and TKD's employment would be in the best interests of this estate. In addition, TKD is a "disinterested person" as that term is defined in the Bankruptcy Code.

9. No official committee of creditors has been appointed.

**WHEREFORE**, Applicant prays it be authorized to employ and appoint TKD, effective as of the Filing Date, to represent him as the Debtor and debtor-in-possession in this proceeding under chapter 11 of the Bankruptcy Code, and this Court grant such other and further relief as is just and proper, for all of which no other application has been made to this or any other Court.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information and belief.

Executed this 2nd day of September 2025

                **BANKIM BRHAMBHATT**

                By:*/s/ Bankim Brahmbhatt*
                    Bankim Brahmbhatt

**EXHIBIT A**

**TARTER KRINSKY & DROGIN LLP**
*Proposed Attorneys for Bankim Brahmbhatt*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Scott S. Markowitz, Esq.
Alex Spizz, Esq.
Rocco A. Cavaliere, Esq.
smarkowitz@tarterkrinsky.com
aspizz@tarterkrinsky.com
rcavaliere@tarterkrinsky.com
jgabor@tarterkrinsky.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
In re:                                                       :
                                                             :   Chapter 11
BANKIM BRAHMBATT,                                            :
                                                             :   Case No.: 25–73100 (AST)
                             Debtor.                         :
------------------------------------------------------------ x

# DECLARATION OF SCOTT S. MARKOWITZ PURSUANT TO 11 U.S.C. § 329, LOCAL BANKRUPTCY RULE 2014-1 AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 2014 AND 2016 IN SUPPORT OF RETENTION OF TARTER KRINSKY & DROGIN LLP AS COUNSEL TO THE DEBTOR AND DEBTOR-IN-POSSESSION

Scott S. Markowitz, declares pursuant to 28 U.S.C. § 1746, as follows:

1. I am a partner of the law firm of Tarter Krinsky & Drogin LLP ("TKD"), with offices at 1350 Broadway, New York, New York 10018, and am duly admitted to practice law in the United States District Court for the Eastern District of New York.

2. This declaration is submitted in support of the application of the above-captioned debtor and debtor-in-possession (the "Debtor") to retain TKD as its general bankruptcy counsel in this Chapter 11 case.

3. In conducting my inquiry, and preparing this declaration, I used a set of procedures developed by TKD to ensure compliance with the requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court regarding

the retention of professionals by a debtor. This process included running the names of each and every creditor provided by the Debtor through TKD's client database and contacts database.

4. Based upon the results of TKD's conflict check procedures, neither TKD nor any partner, counsel, of-counsel or associate of TKD has any connection with the Debtor, its creditors, or any other parties in interest or their respective attorneys or accountants.

5. TKD represents no interest adverse to the Debtor or his estate and is disinterested as required by 11 U.S.C. § 327(a), as that term is defined in 11 U.S.C. § 101(14).

6. I will be the attorney primarily responsible for handling the Debtor's Chapter 11 case. I am familiar with the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court, as amended.

7. TKD received the $1,738.00 Chapter 11 filing fee and $98,262.00 retainer (the "Retainer") prior to the filing of the Debtor's Chapter 11 case on August 12, 2025 (the "Filing Date"). Amba Venture LLC f/k/a Bankai Ventures LLC ("Amba") paid the Retainer. Amba's manager is Raj Brahmbhatt, the Debtor's son. The acceptance of the Retainer from Amba will in no way affect TKD's independent professional judgment and the ability to maintain client confidentiality. TKD has never represented Amba or its manager Raj Brahmbhatt, individually.

8. Prior to the Filing Date, TKD utilized a portion of the Retainer for services rendered in connection with preparation of the Chapter 11 case and related debtor/creditor advice. The unused portion of the Retainer shall be available for payment of fees incurred during the Chapter 11 case.

9. TKD has not shared, or agreed to share, any compensation with any other person other than members of TKD.

10. The Debtor has agreed to compensate TKD at its usual hourly rates for services rendered in connection with this case and to reimburse TKD for expenses and disbursements

made in connection therewith, upon proper application to the Court. TKD's current rates for its traditional practice groups, including the bankruptcy group, which are subject to annual increases, are as follows:

|  |  |
|---|---|
| Partners: | $600.00 - $975.00 |
| Counsel: | $550.00 - $795.00 |
| Associates: | $425.00 - $575.00 |
| Paralegals: | $300.00 - $410.00 |

11. In the event, TKD increases its billing rates during the pendency of this Chapter 11 case, TKD will provide written notice of such billing rate increases to the Debtor, this Court, any official committee appointed by the United States Trustee as well as the United States Trustee.

Dated: New York, New York
September 2, 2025

*/s/ Scott S. Markowitz*
Scott S. Markowitz

**EXHIBIT B**

**TARTER KRINSKY & DROGIN LLP**
*Proposed Attorneys for Bankim Brahmbhatt*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Scott S. Markowitz, Esq.
Alex Spizz, Esq.
Rocco A. Cavaliere, Esq.
Jacob B. Gabor, Esq.
smarkowitz@tarterkrinsky.com
aspizz@tarterkrinsky.com
rcavaliere@tarterkrinsky.com
jgabor@tarterkrinsky.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
In re:                                              :
                                                    :    Chapter 11
BANKIM BRAHMBHATT,                                  :
                                                    :    Case No.: 25–73100 (AST)
                        Debtor.                     :
------------------------------------------------------------ x

### "LAR DAN" DECLARATION OF AMBA VENTURE LLC, WITH RESPECT TO PAYMENT OF THIRD-PARTY RETAINER TO TARTER KRINSKY & DROGIN LLP AS PROPOSED COUNSEL TO THE DEBTOR AND DEBTOR-IN-POSSESSION

Raj Brahmbhatt declares pursuant to 28 U.S.C. § 1746, as follows:

1.      I, Raj Brahmbhatt, am the manager of Amba Venture LLC f/k/a Bankai Ventures LLC ("Amba"), a limited liability company organized under the laws of the State of Delaware. Amba paid $98,262.00 to retain Tarter Krinsky & Drogin LLP ("TKD" or the "Firm"), the proposed attorneys for the debtor and debtor-in-possession Bankim Brahmbhatt (the "Debtor"), in addition to the $1,738.00 Chapter 11 filing fee.

2.      I make this declaration in support of the Debtor's application to retain TKD as the Debtor's general bankruptcy counsel.

3. Amba agreed to pay the retainer to TKD (as the Debtor had limited available cash) so the Debtor could retain counsel of his choosing which is necessary due to the complexities of the Debtor's Chapter 11 case.

4. I understand the undivided loyalty of TKD is to its client, the Debtor, and not to Amba or me individually. Amba and I also understand TKD only represents the Debtor and not Amba or me individually.

5. Neither I nor Amba shall assert and hereby waive any claim against the Debtor for the funds Amba advanced as part of the retainer to TKD for legal fees in this case, or for the $1,738.00 Chapter 11 filing fee which Amba paid TKD, and which was paid to the Court.

6. Amba was advised that it could consult with counsel of its own choosing in determining whether to advance a portion of the initial retainer to TKD.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information and belief.

Executed this 2nd day of September 2025

**AMBA VENTURE LLC**

By: */s/ Raj Brahmbhatt*
    Raj Brahmbhatt
    *Manager*

**EXHIBIT C**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                              :
                                                    :      Chapter 11
BANKIM BRAHMBHATT,                                  :
                                                    :      Case No.: 25–73100 (AST)
                                                    :
                       Debtor.                      :
------------------------------------------------------------x

## ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF TARTER KRINSKY & DROGIN LLP AS GENERAL BANKRUPTCY COUNSEL FOR THE DEBTOR AND DEBTOR-IN-POSSESSION EFFECTIVE AS OF FILING DATE

Upon the application (the "Application") of Bankim Brahmbhatt the above-captioned debtor and debtor-in-possession (the "Debtor"), for entry an order, pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2014 and 2016(b) of the Federal Rules of Bankruptcy Procedure, authorizing the employment of Tarter Krinsky & Drogin LLP (the "Firm") as general bankruptcy counsel to the Debtor; and upon the declaration of Scott S. Markowitz which is annexed to the Application as **Exhibit "A"** (the "Markowitz Declaration"); and upon the declaration of Amba Venture LLC f/k/a Bankai Venutres LLC relating to third-party payment of retainer (the "Lar Dan Declaration") which is annexed to the Application as **Exhibit "B"**; and it appearing the Firm is a "disinterested person" within the meaning of sections 101(14) and 327 of the Bankruptcy Code and does not hold or represent any interest adverse to the Debtor; and this Court having determined that employment of the Firm by the Debtor is in the best interests of the Debtor, and his creditors; and adequate notice of the Application having been given; and after due deliberation and sufficient cause appearing therefor; it is hereby

**ORDERED**, that pursuant to section 327(a) of the Bankruptcy Code and

1

Bankruptcy Rule 2014, the Debtor is authorized to employ the Firm as his general bankruptcy counsel on the terms and conditions set forth in the Application and the Markowitz Declaration, effective as of August 12, 2025 (the "Filing Date"); and it is further

**ORDERED**, that to the extent the Application or the Markowitz Declaration is inconsistent with this order, the terms of this order shall govern; and it is further

**ORDERED**, the Firm shall seek compensation for its services and reimbursement of its expenses upon application to the Court, and upon notice and a hearing, pursuant to 11 U.S.C. §§ 330 and 331, Bankruptcy Rule 2016, E.D.N.Y.L.B.R.2016 and the Guidelines of the Office of the United States Trustee; and it is further

**ORDERED**, the Firm shall apply the remaining amount of any pre-petition retainer as a credit towards post-petition fees and expenses, after such post-petition fees and expenses are approved pursuant to order the Court; and it is further

**ORDERED**, that prior to any increases in the Firm's rates, the Firm shall file a supplemental affidavit with the Court and provide ten (10) business days' notice to the Debtor, the United States Trustee and any official committee, which supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtor has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and all rates and rate increases are subject to review by the Court; and it is further

**ORDERED**, that, notwithstanding any provision to the contrary in the Application or the Markowitz Declaration, the Court may retain jurisdiction to hear and to determine all matters arising from or related to implementation of this order.

**NO OBJECTION:**
**WILLIAM K HARRINGTON**
**UNITED STATES TRUSTEE - EDNY**
**REGION 2 - BROOKLYN DIVISION**

By: _____
Christine H. Black
Trial Attorney
Office of the United States Trustee
560 Federal Plaza
Central Islip, NY 11722
(631) 715-7800

Dated: New York, New York
     September ___, 2025