**Presentment Date: September 23, 2025**
**Presentment Time: 12:00 p.m.**

**TARTER KRINSKY & DROGIN LLP**
*Proposed Attorneys for Bankim Brahmbhatt*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Scott S. Markowitz, Esq.
Alex Spizz, Esq.
Rocco A. Cavaliere, Esq.
Jacob B. Gabor, Esq.
smarkowitz@tarterkrinsky.com
aspizz@tarterkrinsky.com
rcavaliere@tarterkrinsky.com
jgabor@tarterkrinsky.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
In re:                                                        :        Chapter 11
                                                              :
BANKIM BRAHMBHATT,                                            :        Case No. 25-73100 (AST)
                                                              :
                                    Debtor.                   :
------------------------------------------------------------- x

### NOTICE OF PRESENTMENT OF DEBTOR'S MOTION FOR AN ORDER PURSUANT TO §§ 105(a) AND 331 ESTABLISHING PROCEDURES FOR MONTHLY COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

**PLEASE TAKE NOTICE**, that upon the motion dated September 8, 2025 (the "Motion") of Bankim Brahmbhatt,  the debtor and debtor-in-possession (the "Debtor"), by and through his undersigned counsel, Tarter Krinsky & Drogin LLP, the Debtor will present to the Honorable Alan S. Trust, Chief United States Bankruptcy Judge, at his chambers located at the United States Bankruptcy Court for the Eastern District of New York, on **September 23, 2025 at 12:00 p.m.** (the "Presentment Date"), an order establishing procedures for payment of interim compensation and reimbursement of expenses to professionals (the "Monthly Compensation Order").

**PLEASE TAKE FURTHER NOTICE**, that objections, if any, to the entry of the Monthly Compensation Order must be in writing and must be served upon the undersigned attorneys for the Debtor with a copy to the Chambers of the Honorable Alan S. Trust, so as to be received no later than **September 22, 2025 at 4:30 p.m.** and filed with the Clerk of the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE**, that each such objection, if any, shall state the name of the objecting party, its status as a party-in-interest, and the nature and basis of the objection.

**PLEASE TAKE FURTHER NOTICE** that in the event an objection is filed, the Court will schedule a hearing in connection with the approval of the Monthly Compensation Order, and in that event, the Debtor reserves the right to file a reply to any objection.

Dated: New York, New York
       September 8, 2025

**TARTER KRINSKY & DROGIN LLP**
*Proposed Attorneys for Bankim Brahmbhatt*

By: _/s/ Scott S. Markowitz_
       Scott S. Markowitz, Esq.
       Alex Spizz, Esq.
       Rocco A. Cavaliere, Esq.
       Jacob B. Gabor, Esq.
       1350 Broadway, 11th Floor
       New York, New York 10022
       (212) 216-8000
       smarkowitz@tarterkrinsky.com
       aspizz@tarterkrinsky.com
       rcavaliere@tarterkrinsky.com
       jgabor@tarterkrinsky.com

**TARTER KRINSKY & DROGIN LLP**
*Proposed Attorneys for Bankim Brahmbhatt*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Scott S. Markowitz, Esq.
Alex Spizz, Esq.
Rocco A. Cavaliere, Esq.
Jacob B. Gabor, Esq.
smarkowitz@tarterkrinsky.com
aspizz@tarterkrinsky.com
rcavaliere@tarterkrinsky.com
jgabor@tarterkrinsky.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
In re:                                              :    Chapter 11
                                                    :
BANKIM BRAHMBHATT,                                  :    Case No.: 25-73100 (AST)
                                                    :
                          Debtor.                   :
------------------------------------------------------------------ x

### DEBTOR'S MOTION FOR AN ORDER PURSUANT TO §§ 105(a) AND 331 ESTABLISHING PROCEDURES FOR MONTHLY COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

TO:    THE HONORABLE ALAN S. TRUST
       CHIEF UNITED STATES BANKRUPTCY JUDGE

Bankim Brahmbhatt, the above-captioned debtor and debtor-in-possession (the "<u>Debtor</u>" or "<u>Brahmbhatt</u>"), by and through his undersigned counsel, Tarter Krinsky & Drogin LLP, respectfully represents as follows:

### PRELIMINARY STATEMENT

1.    By this Motion, the Debtor requests entry of an order establishing an orderly, regular process for interim approval and payment of compensation and reimbursement of expenses for attorneys and other professionals authorized to be retained by this Court pursuant to sections 327, 328 or 1103 of the Bankruptcy Code, each of whom will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to sections 330 and 331 of the

Bankruptcy Code.

## JURISDICTION, VENUE AND STATUTORY BASES FOR RELIEF

2.      This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2). Venue of this proceeding and this Motion in this District is proper under 28 U.S.C. §§1408 and 1409. The statutory bases for relief are §§105(a), 330 and 331 of the Bankruptcy Code, Rules 2014 and 2016(a) of the Federal Rules of Bankruptcy procedure, and Rule 2016-1 Of the Local Rules of Bankruptcy Procedure for the Eastern District of New York, and Administrative Order No. 538 dated April 10, 2009.

## BACKGROUND

3.      On August 12, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11, United States Code (the "Code").  Pursuant to §§1107(a) and 1108 of the Code, the Debtor continues to operate as a debtor-in-possession. No trustee has been appointed.

4.      No committee of unsecured creditors has been appointed in this case.

5.      The Debtor previously filed with this Court all of its Schedules and the Statement of Financial Affairs. The Debtor has also filed an affidavit required by Local Bankruptcy Rule 1007 providing details of the circumstances precipitating the need for the Chapter 11 filing and a brief history of the Debtor's financial affairs, as well as select financial information.

6.      The Debtor, Bankim Brahmbhatt, is an individual residing at 226 Stewart Avenue, Garden City, New York 11530. Brahmbhatt is the owner, or indirect owner, of several companies, each of which filed for bankruptcy in the Eastern District of New York on August 12, 2025: BB Service, LLC (Case No. 8-25-73096), Bridgevoice Inc. (Case No. 8-25-73097), Broadband Telecom, Inc. (Case No. 8-25-73095), Carriox Telecap LLC (Case No. 8-25-73098), and Carriox Towercap LLC (Case No. 8-25-73099).

## **RELIEF REQUESTED**

7.      Pursuant to Bankruptcy Code §§330 and 331, all professionals authorized to be retained by this Court (each a "Professional" and, collectively, the "Professionals") are entitled to submit applications for interim compensation and reimbursement of expenses between 120 and 150 days.

8.      The Debtor requests this Court issue an order directing procedures be established to compensate and reimburse Professionals on an interim basis similar to those established in other Chapter 11 cases in this District.  Such an order would permit the Court and all other parties to monitor the professional fees incurred and reimbursement of expenses disbursed in this case more effectively and would similarly allow the Debtor to better manage his cash flow.

9.      Specifically, the Debtor proposes that, except as otherwise provided in any order of the Court authorizing the retention of a particular Professional, the Professionals be permitted to seek interim payment of compensation for services rendered and reimbursement of expenses disbursed in accordance with the following proposed procedures (the "Compensation Procedures"):

(a)      On or before the twentieth (20th) day of each month following the month for which compensation is sought, each professional seeking compensation under this Order will serve a monthly statement, by hand or overnight delivery on (i) Bankim Brahmbhatt, 226 Stewart Avenue, Garden City, NY 11530; (ii) counsel to the Debtor, Scott Markowitz, Esq., Tarter Krinsky & Drogin LLP, 1350 Broadway, New York, NY 10018; (iii) counsel for the Office of the United States Trustee, 560 Federal Plaza, Central Islip, NY 11722 (Attn: Christine H. Black, Esq.); and (iv) Quinn Emanuel Urquhart & Sullivan, LLP, 865 S. Figueroa St., 10th Floor, Los Angeles, CA 90017 (Attn: Bennet Murphy, Esq.), attorneys for EAVF/SLF CC LEVERAGE SPV, LLC, EAVF/SLF BB LEVERAGE SPV, LLC and AVF III US AGGREGATOR, L.P.

(b)      The monthly statement need not be filed with the Court and a courtesy copy need not be delivered to the presiding judge's chambers, because nothing herein is intended to alter the fee application requirements outlined in §§ 330 and 331 of the Code and because Professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Code,

the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court, Eastern District of New York;

(c)     Each monthly fee statement must contain a list of the individuals and their respective titles (e.g. attorney, accountant, or paralegal) who provided services during the statement period, their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the disbursements incurred (no Professional should seek reimbursement of an expense which would otherwise not be allowed pursuant to the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 issued May 17, 1996 as amended from time to time), and contemporaneously maintained time entries for each individual in increments of tenths (1/10) of an hour;

(d)     Each person receiving a statement will have at least fifteen (15) days after its receipt to review it and, in the event that he or she has an objection to the compensation or reimbursement sought in a particular statement, he or she shall, by no later than the thirty-fifth (35th) day following the month for which compensation is sought, serve upon the professional whose statement is objected to, and the other persons designated to receive statements in paragraph (a), a written "Notice Of Objection To Fee Statement," setting forth the nature of the objection and the amount of fees or expenses at issue;

(e)     At the expiration of the thirty-five (35) day period, the Debtor shall promptly pay eighty percent (80%) of the fees and one hundred percent (100%) of the expenses identified in each monthly statement to which no objection has been served in accordance with paragraph (d);

(f)     If the Debtor receives an objection to a particular fee statement, he shall withhold payment of that portion of the fee statement to which the objection is directed and promptly pay the remainder of the fees and disbursements set forth in the percentages set forth in paragraph (e);

(g)     If the parties to an objection are able to resolve their dispute following the service of a Notice Of Objection To Fee Statement and if the party whose statement was objected to serves on all of the parties listed in paragraph (a) a statement indicating that the objection is withdrawn and describing in detail the terms of the resolution, then the debtor shall promptly pay, in accordance with paragraph (e), that portion of the fee statement which is no longer subject to an objection;

(h)     All objections that are not resolved by the parties, shall be preserved and presented to the Court at the next interim or final fee application hearing to be heard by the Court. <u>See</u> paragraph (j), below;

(i)     The service of an objection in accordance with paragraph (d) shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Code on any ground, whether raised in the objection or not. Furthermore, the decision by any party not to object to a fee statement shall not be a waiver of any kind or prejudice that

party's right to object to any fee application subsequently made to the Court in accordance with the Code;

(j)    Approximately every 120 days, but no less frequently than every 180 days, each of the professionals shall serve and file with the Court an application for interim or final Court approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be), of the compensation and reimbursement of expenses previously paid;

(k)    Any professional who fails to file an application seeking approval of compensation and expenses previously paid under this Order within the time frame set forth in subparagraph (j) above shall (1) be ineligible to receive further monthly payments of fees or expenses as provided herein until further order of the Court and (2) may be required to disgorge any fees paid since the last fee application (or, if no fee application has been filed by such professional, since retention);

(l)    The pendency of an objection or the entry of a Court order that payment of compensation or reimbursement of expenses was improper as to a particular statement shall not disqualify a professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court; and

(m)    Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any professionals.

10.    The Debtor will include all payments made to Professionals in accordance with the Compensation Procedures in his monthly operating reports, identifying the amount paid to each Professional.

## LEGAL BASIS FOR REQUESTED RELIEF

11.    Bankruptcy Code §331 provides, in relevant part, as follows:

A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of [title 11] may apply to the court not more than once every 120 days after an order for relief in a case under [title 11], or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of [title 11] . . .

12.    The Debtor seeks approval of procedures that are in accordance with the standing Administrative Order No. 538, dated April 10, 2009.

13.    The Compensation Procedures requested herein would reduce the burden imposed

on the Court, enable key parties-in-interest to monitor more closely Professional compensation and reimbursement requests in this case, and alleviate undue financial burdens on the Professionals. The proposed Compensation Procedures comply with the Local Rules and applicable standing orders of this Court, and this Court has ample authority under Bankruptcy Code §§105(a) and 331 to grant the requested relief.

14.    Indeed, similar procedures for compensating and reimbursing court-approved professionals have been established and routinely approved by Courts in several districts, including this District. <u>See, e.g.,</u> <u>In re Long Beach Medical Center, et al.,</u> Case No. 14-70593 (AST) (Bankr. E.D.N.Y. March 19, 2014); <u>In re Peninsula Hospital Center, et al.,</u> Case No. 11-47056 (ESS) (Bankr. E.D.N.Y. October 7, 2011); <u>In re Victory Memorial Hospital,</u> Case No. 06-44387 (CEC) (Bankr. E.D.N.Y. Dec. 15, 2006); <u>In re The Brooklyn Hospital Center,</u> Case No. 05-26990 (CEC) (Bankr. E.D.N.Y. Nov. 3, 2005).

15.    The Debtor's estate is not administratively insolvent or expected to be administratively insolvent.  The Professionals will not seek payments under the Compensation Procedures proposed herein should it appear the Debtor's cash flow will not permit payment.

16.    Accordingly, for the reasons set forth above, the Debtor respectfully submits the relief requested herein is in his best interest and the best interests of its estate, creditors, and other interested parties.

<u>**NOTICE**</u>

17.    Notice of this Motion has been sent by first class mail to (a) the U.S. Trustee, (b) the Debtor's twenty largest unsecured creditors, and (c) all parties that have filed a notice of appearance in this case.  In light of the nature of the relief requested, the Debtor respectfully submits that no further notice is required.

<u>**NO PRIOR APPLICATION**</u>

18.    No previous request for the relief sought herein has been made to this or to any other

Court.

      **WHEREFORE**, the Debtor respectfully requests the Court enter an order annexed hereto as Exhibit "A" granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated:  New York, New York
       September 8, 2025

                **TARTER KRINSKY & DROGIN LLP**
                *Proposed Attorneys for Bankim Brahmbhatt*

                By:   */s/ Scott S. Markowitz*
                   Scott S. Markowitz, Esq.
                   Alex Spizz, Esq.
                   Rocco A. Cavaliere, Esq.
                   Jacob B. Gabor, Esq.
                   1350 Broadway, 11th Floor
                   New York, New York 10018
                   (212) 216-8000
                   smarkowitz@tarterkrinsky.com
                   aspizz@tarterkrinsky.com
                   rcavaliere@tarterkrinsky.com
                   jgabor@tarterkrinsky.com

**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In re:

BANKIM BRAHMBHATT,

                       Debtor.
--------------------------------------------------------x

                             Chapter 11

                             Case No. 25-73100 (AST)

## ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 331 ESTABLISHING PROCEDURES FOR MONTHLY COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

Bankim Brahmbhatt, the debtor and debtor-in-possession (the "Debtor"), moves, by a motion dated September 8, 2025 (the "Motion"), for an order, pursuant to §§ 105(a) and 331 of the United States Bankruptcy Code (the "Code"), establishing procedures for monthly compensation and reimbursement of expenses of professionals retained by order of this Court, and this Court having determined the relief requested in the Motion is in the best interests of the Debtor, his estate, and creditors; and it appearing that proper and adequate notice has been given by service of the Motion on the Office of the United States Trustee and all parties who filed a notice of appearance; and that no other or further notice is necessary; and upon the representation of the Debtor that this estate is administratively solvent; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED**, that except as may otherwise be provided in Court orders authorizing the retention of specific professionals, all professionals in this case may seek monthly compensation in accordance with the following procedure:

        (a)      On or before the twentieth (20th) day of each month following the month for which compensation is sought, each professional seeking compensation under this Order will serve a monthly statement, by hand or overnight delivery on (i) Bankim Brahmbhatt, 226 Stewart Avenue, Garden City, NY 11530; (ii) counsel to the Debtor, Scott Markowitz, Esq., Tarter Krinsky & Drogin LLP, 1350 Broadway, New York, NY 10018; (iii) counsel for the Office of the United States Trustee, 2560 Federal Plaza, Central Islip,

NY 11722 (Attn: Christine H. Black, Esq.); and (iv) Quinn Emanuel Urquhart & Sullivan, LLP, 865 S. Figueroa St., 10th Floor, Los Angeles, CA 90017 (Attn: Bennet Murphy, Esq.), attorneys for EAVF/SLF CC LEVERAGE SPV, LLC, EAVF/SLF BB LEVERAGE SPV, LLC and AVF III US AGGREGATOR, L.P.

(b)    The monthly statement need not be filed with the Court and a courtesy copy need not be delivered to the presiding judge's chambers, because this Order is not intended to alter the fee application requirements outlined in §§ 330 and 331 of the Code and because professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Code, the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court, Eastern District of New York;

(c)    Each monthly fee statement must contain a list of the individuals and their respective titles (e.g. attorney, accountant, or paralegal) who provided services during the statement period, their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the disbursements incurred (no professional should seek reimbursement of an expense which would otherwise not be allowed pursuant to the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 issued May 17, 1996 as amended from time to time), and contemporaneously maintained time entries for each individual in increments of tenths (1/10) of an hour;

(d)    Each person receiving a statement will have at least fifteen (15) days after its receipt to review it and, in the event that he or she has an objection to the compensation or reimbursement sought in a particular statement, he or she shall, by no later than the thirty-fifth (35th) day following the month for which compensation is sought, serve upon the professional whose statement is objected to, and the other persons designated to receive statements in paragraph (a), a written "Notice Of Objection To Fee Statement," setting forth the nature of the objection and the amount of fees or expenses at issue;

(e)    At the expiration of the thirty-five (35) day period, the Debtor shall promptly pay eighty percent (80%) of the fees and one hundred percent (100%) of the expenses identified in each monthly statement to which no objection has been served in accordance with paragraph (d);

(f)    If the Debtor receives an objection to a particular fee statement, he shall withhold payment of that portion of the fee statement to which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (e);

(g)    If the parties to an objection are able to resolve their dispute following the service of a Notice Of Objection To Fee Statement and if the party whose statement was objected to serves on all of the parties listed in paragraph (a) a statement indicating that the objection is withdrawn and describing in detail the terms of the resolution, then the Debtor shall promptly pay, in accordance with paragraph (e), that portion of the fee statement which is no longer subject to an objection;

(h)     All objections that are not resolved by the parties, shall be preserved and presented to the Court at the next interim or final fee application hearing to be heard by the Court. See paragraph (j), below;

(i)     The service of an objection in accordance with paragraph (d) shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Code on any ground, whether raised in the objection or not. Furthermore, the decision by any party not to object to a fee statement shall not be a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Code;

(j)     Approximately every 120 days, but no less frequently than every 180 days, each of the professionals shall serve and file with the Court an application for interim or final Court approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be), of the compensation and reimbursement of expenses previously paid;

(k)     Any professional who fails to file an application seeking approval of compensation and expenses previously paid under this Order within the time frame set forth in subparagraph (j) above shall (1) be ineligible to receive further monthly payments of fees or expenses as provided herein until further order of the Court and (2) may be required to disgorge any fees paid since the last fee application (or, if no fee application has been filed by such professional, since retention);

(l)     The pendency of an objection or the entry of a Court order that payment of compensation or reimbursement of expenses was improper as to a particular statement shall not disqualify a professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court; and

(m)     Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any professionals;

and it is further

**ORDERED**, that each professional may seek, in its first request for compensation and reimbursement of expenses pursuant to this Order, compensation for work performed and reimbursement for expenses incurred during the period beginning on the date of the professional's retention and ending on September 30, 2025; and it is further

**ORDERED**, that the amount of fees and disbursements sought be set out in U.S. dollars; and it is further

**ORDERED**, that the Debtor shall include all payments to professionals on his monthly operating reports, detailed so as to state the amount paid to each of the professionals; and it is further

**ORDERED**, that any party in interest may file a motion seeking modification or suspension of monthly payments to professionals pursuant to this order on any applicable grounds, including that the Debtor has not timely filed monthly operating reports, or remained current with his administrative expenses and 28 U.S.C. § 1930 fees, and in such event no further payments shall be made pursuant to this order until such motion is resolved; and it is further

**ORDERED**, that monthly payments to professionals pursuant to this Order may be suspended by the Court *sua sponte*; and it is further

**ORDERED**, that all time periods set forth in this Order shall be calculated in accordance with Federal Rule of Bankruptcy Procedure 9006(a); and it is further

**ORDERED**, that the Debtor shall serve a copy of this Order on all entities specified in paragraph (a) hereof.