UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

In re                                                  :        Chapter 11
                                                       :
                                                       :        Case No. 25-73100 (AST)
BANKIM BRAHMBHATT,                                     :
                                                       :
                  Debtor.                              :
-------------------------------------------------------------x

**SECOND STIPULATION AND ORDER BETWEEN INDIVIDUAL DEBTOR AND CORPORATE DEBTORS TO (I) EXTEND DEADLINE FOR CORPORATE DEBTORS TO FILE PROOFS OF CLAIM AND (II) EXTEND DEADLINE FOR CORPORATE DEBTORS TO OBJECT TO DISCHARGEABILITY PURSUANT TO BANKRUPTCY CODE SECTIONS 523(a) AND 1005(a) AND BANKRUPTCY RULE 4007(c)**

**IT IS HEREBY STIPULATED AND ORDERED**, by and between Bankim Brahmbhatt ("Individual Debtor"), on the one hand, and Broadband Telecom, Inc. ("Broadband"), BB Servicer, LLC ("BB Servicer"), Bridgevoice, Inc. ("Bridgevoice"), Carriox Telecap, LLC ("Carriox Telecap"), and Carriox Towercap LLC ("Carriox Towercap")(collectively, the "Initial Corporate Debtors"), and BB Capital SPV, LLC ("BB Capital") and Carriox Capital II LLC ("Carriox Capital", together with BB Capital, the "Subsequent Corporate Debtors", and together with the Initial Debtors, the "Corporate Debtors")(Individual Debtor and Corporate Debtors collectively as the "Parties", and each a "Party"), on the other hand, each as debtors and debtors-in-possession, (the "Stipulation")[1], as follows:

## RECITALS

**WHEREAS**, on August 12, 2025 (the "Individual Debtor Petition Date"), Individual Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") (collectively, the "Individual Debtor Bankruptcy Case");

---

[1] Capitalized terms used but not immediately defined herein shall have the meanings assigned to them elsewhere in the Stipulation.

**WHEREAS**, by Order dated August 13, 2025, the United States Bankruptcy Court for the Eastern District of New York (the "Court") entered its *Order Establishing Deadline for Filing Proofs of Claim And Directing the Form And Manner of Notice* (the "Individual Debtor Bar Date Order") [Docket No. 5], establishing October 20, 2025 ("Individual Debtor Bar Date") as the deadline to file claims against the Individual Debtor's estate;

**WHEREAS**, on August 15, 2025, the Individual Debtor served the Individual Debtor Bar Date Order on certain parties [Docket No. 11];

**WHEREAS**, the Corporate Debtors were not served with the Individual Debtors Bar Date Order;

**WHEREAS**, the Bankruptcy Code Section 341 initial meeting of creditors for the Individual Debtor Bankruptcy Case was held on September 18, 2025 (the "Initial 341 Meeting");

**WHEREAS**, pursuant to Bankruptcy Code Section 523(a) and Bankruptcy Rule 4009(c), the deadline to file objections to dischargeability of a particular debt in the Individual Debtor Bankruptcy Case is November 17, 2025 ("Individual Debtor Objection Deadline"), 60 days after the date of the Initial 341 Meeting;

**WHEREAS**, on August 12, 2025 (the "Initial Corporate Debtors Petition Date"), each of the Initial Corporate Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (collectively, the "Initial Corporate Debtors Bankruptcy Cases");

**WHEREAS**, by Order dated August 13, 2025, the Court entered its *Order Establishing Deadline for Filing Proofs of Claim And Directing the Form And Manner of Notice* (the "Initial Corporate Debtors Bar Date Order") [Corporate Debtors Docket No. 5], establishing October 20, 2025 ("Initial Corporate Debtors Bar Date") as the deadline to file claims against the Initial Corporate Debtors' estates;

**WHEREAS**, on October 20, 2025 (the "Subsequent Corporate Debtors' Petition Date"), each of the Subsequent Corporate Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (collectively, the "Subsequent Corporate Debtors Bankruptcy Cases", and together with the Initial Corporate Debtors Bankruptcy Cases, the "Corporate Debtors Bankruptcy Cases");

**WHEREAS**, no trustee or examiner has been appointed, and no official committee of unsecured creditors has been appointed or designated, in either the Individual Debtor Bankruptcy Case or the Corporate Debtors Bankruptcy Cases;

**WHEREAS**, the Corporate Debtors are in the process of, *inter alia*, obtaining and reviewing the necessary books and records of the Corporate Debtors, working to stabilize the businesses of the Corporate Debtors, and completing any necessary investigations regarding potential claims and causes of action of the Corporate Debtors, if any, against third parties ("Corporate Debtors Ongoing Investigation");

**WHEREAS**, as a result of the Corporate Debtors Ongoing Investigation, the Corporate Debtors have not yet concluded if they have any potential claims against the Individual Debtor or his estate;

**WHEREAS**, on November 14, 2025, the Court entered the *Stipulation And Order Between Individual Debtor And Corporate Debtors To (I) Extend Deadline For Corporate Debtors To File Proofs Of Claims And (II) Extend Deadline For Corporate Debtors To Object To Dischargeability Pursuant to Bankruptcy Code Sections 523(a) And 1005(a) And Bankruptcy Rule 4007(c)* [Docket No. 49], which set the New Corporate Debtor Bar Date through and including January 31, 2026 and the New Individual Debtor Objection Deadline through and including January 31, 2026; and

3

**WHEREAS**, as a result of the Corporate Debtors Ongoing Investigation not yet being concluded, the Parties have been discussing a further extension of the Individual Debtor Bar Date and Individual Debtor Objection Deadline as it relates to the Corporate Debtors <u>only</u>, including, *inter alia*, to avoid any potential harm and injury that the filing of proofs of claim in the Individual Debtor Bankruptcy Cases prior to the conclusion of the Corporate Debtors Ongoing Investigation may have on the value of the Corporate Debtors' businesses, inclusive of the going concern business operations of the Corporate Debtors.

**NOW, THEREFORE**, the Parties, for good and valuable consideration, hereby stipulate:

1.  The Individual Debtor Bar Date shall be modified and extended for the Corporate Debtors only through and including March 31, 2026 (the "<u>New Corporate Debtor Bar Date</u>").

2.  The Individual Debtor Objection Deadline shall be extended for the Corporate Debtors only through and including March 31, 2026 (the "<u>New Individual Debtor Objection Deadline</u>").

3.  Nothing contained herein shall prejudice the rights of the Corporate Debtors to seek a further Order of the Court to further extend the New Corporate Debtor Bar Date or the New Individual Debtor Objection Deadline.

**SIGNATURE PAGES TO FOLLOW ON SPEARATE PAGE**

Dated:   January 20, 2026

**TARTER KRINSKY & DROGIN LLP**

By:  _/s/ Scott S. Markowitz_
Scott S. Markowitz
Alex Spizz
Rocco A. Cavaliere
1350 Broadway, 11th Floor
New York, New York 10018
Tel: (212) 216-8000
Email: smarkowitz@tarterkrinsky.com
        aspizz@tarterkrinsky.com
        rcavaliere@tarterkrinsky.com

*Counsel to the Individual Debtor*

Dated:   January 20, 2026

**KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP**

By:  _/s/ John E. Jureller_
Tracy L. Klestadt
John E. Jureller, Jr.
Brendan M. Scott
Andrew C. Brown
Kevin Collins
200 West 41st Street, 17th Floor
New York, New York 10036
Tel: (212) 972-3000
Email: tklestadt@klestadt.com
        jjureller@klestadt.com
        bscott@klestadt.com
        abrown@klestadt.com
        kcollins@klestadt.com

*Counsel to the Corporate Debtors*

5

**ORDERED:**

Dated: January 27, 2026
Central Islip, New York



_____
Alan S. Trust
Chief United States Bankruptcy Judge