**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>BANKIM BRAHMBHATT,<br><br>Debtor. | Chapter 11<br><br>Case No. 25-73100 (LAS) |

**DECLARATION OF JOHN E. JURELLER, JR., IN SUPPORT OF THE MOTION FOR AN ORDER COMPELLING BANKIM BRAHMBHATT TO COMPLY WITH ORDER PURSUANT TO BANKRUPTCY RULE 2004 AND RELATED SUBPOENA**

I, John E. Jureller, Jr., hereby declare, pursuant to Section 1746 of Title 28 of the United States Code, that the following is true and correct to the best of my knowledge, information, and belief:

1. I an attorney at law, duly admitted to practice in the State of New York, as well as before the United States District Court for the Eastern District of New York. I am a partner of the law firm known as Klestadt Winters Jureller Southard & Stevens, LLP, which serves as counsel to Broadband Telecom, Inc., Bridgevoice, Inc., BB Servicer, LLC, Carriox Telecap, LLC, Carriox Towercap, LLC, BB Capital SPV, LLC and Carriox Capital II LLC (collectively, the "Corporate Debtors").

2. In my capacity as counsel to the Corporate Debtors, I am familiar with the matters set forth herein and make this declaration (the "Declaration") in connection with and in support of the Corporate Debtors' *Motion for an Order Compelling Bankim Brahmbhatt to Comply with Order Pursuant to Bankruptcy Rule 2004 and Related Subpoena* (the "Motion")[1].

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

3. On April 14, 2026, the Court entered that certain *Order Authorizing Issuance of Subpoenas for the Production of Documents and Examination of Bankim Brahmbhatt* (the "Rule 2004 Order") [Docket No. 70].

4. In accordance with the Rule 2004 Order, the Corporate Debtors duly served Brahmbhatt with the Subpoena and a copy of the Rule 2004 Order on April 20, 2026. A copy of the complete Subpoena is attached hereto as Exhibit "A".

5. Thereafter, the Subpoena was sent to Brahmbhatt's counsel by email on April 21, 2026. Receipt of the Subpoena was acknowledged.

6. In accordance with the Rule 2004 Order, Brahmbhatt was required to respond to the Subpoena within fourteen (14) days of its service, *i.e.*, by May 5, 2026.

7. After a series of discussions and extensions, Brahmbhatt served the Brahmbhatt Response to the Subpoena by email on June 8, 2026, although no responsive documents were produced at that time. It was explained by Brahmbhatt's counsel that responsive documents were being extracted from Brahmbhatt's "devices" by a third-party vendor which would take approximately three (3) weeks.

8. On July 9, 2026, the Corporate Debtors were advised that "the vendor took much longer than anticipated but the upload is now complete and searches are being run for responsive documents", with further updates to be provided on July 14, 2026.

9. On July 16, 2026, the Corporate Debtors again followed up on the status of production. On July 20, 2026, the Corporate Debtors were advised that a further update would be provided by July 22, 2026.

10. To date, despite more than seven (7) weeks elapsing since the date of the service of the Brahmbhatt Response, and more than three (3) months since the service of the Subpoena,

no documents have been produced by Brahmbhatt, despite the fact that he was the CEO, president and/or Managing Member of the Debtors and the beneficial owner of the Debtors and their affiliates.

11. Based upon the foregoing, the Corporate Debtors believe that an order compelling Brahmbhatt's immediate compliance with the 2004 Order is necessary at this time.

12. It is respectfully submitted that the Corporate Debtors, through counsel, have made good faith efforts to resolve the issues set forth in the Motion and have met the requirements set forth in Local Rule 7007-1.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

Dated: July 29, 2026

By: *\/s/ John E. Jureller, Jr.*
John E. Jureller, Jr.