**KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP**
286 Madison Avenue, 11th Floor
New York, NY 10017
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
Tracy L. Klestadt
John E. Jureller, Jr.
Brendan M. Scott
Andrew C. Brown
Kevin B. Collins

*Counsel to the Broadband Debtors*

**KOBRE & KIM LLP**
Daniel J. Saval
Steve G. Kobre
Steven W. Perlstein
John G. Conte (*pro hac vice* forthcoming)
800 Third Avenue
New York, New York 10022
Telephone: + 1 212 488 1200
Facsimile: + 1 212 488 1220

John Han
Champion Tower, 25th Floor
3 Garden Road
Central, Hong Kong
Telephone: +852 2127 3288
Facsimile: +852 2127 3280

Robert (Hangcheng) Zhou (admitted *pro hac vice*)
HKRI Centre One, HKRI Taikoo Hui
43rd Floor, 288 Shimen Yi Road
Shanghai, 200041
Telephone: +86 21 3210 2100

*Special Litigation Counsel to the Broadband Debtors*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| BANKIM BRAHMBHATT, | : | Case No. 25-73100 (LAS) |
| | : | |
| Debtor. | : | |

**BROADBAND DEBTORS' MOTION FOR LEAVE TO FILE UNDER SEAL CERTAIN DOCUMENTS PURSUANT TO SECTIONS 107(b) AND 105(a) OF THE BANKRUPTCY CODE**

**TO THE HONORABLE LOUIS A. SCARCELLA**
**UNITED STATES BANKRUPTCY JUDGE:**

Broadband Telecom, Inc., Bridgevoice, Inc., BB Servicer, LLC, Carriox Telecap, LLC, Carriox Towercap, LLC, BB Capital SPV, LLC, and Carriox Capital II LLC, (collectively, the "Broadband Debtors"), which are creditors and parties-in-interest in the above-captioned bankruptcy case (the "Individual Chapter 11 Case") of Bankim Brahmbhatt ("Brahmbhatt"), and are debtors and debtors-in-possession in jointly administered Chapter 11 cases also pending before this Court (USBC EDNY Lead Case No. 25-73095 (LAS)) (the "Broadband Chapter 11 Cases" and, together with the Individual Chapter 11 Case, the "Chapter 11 Cases"), by and through their undersigned counsel, file this motion (the "Motion to Seal") seeking entry of an order, in substantially the same form as that attached thereto as **Exhibit "1"** (the "Proposed Order"), pursuant to Sections 105(a) and 107(b) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 9018-1 of the Local Bankruptcy Rules for the Eastern District of New York (the "Local Rules"), authorizing the Broadband Debtors to redact and file under seal the following:

i. *Broadband Debtors' Motion for Entry of an Order (I) Directing the Appointment of a Chapter 11 Trustee Pursuant to 11 U.S.C. § 1104, and (II) Authorizing the Chapter 11 Trustee to Act as the Foreign Representative Pursuant to 11 U.S.C. § 1505* (the "Chapter 11 Trustee Motion") [Docket No. 116];

ii. *Declaration of John D. Baumgartner, Chief Restructuring Officer, In Support of the Broadband Debtors' Motion for Entry of an Order (I) Directing the Appointment of a Chapter 11 Trustee Pursuant to 11 U.S.C. § 1104, and (II) Authorizing the Chapter 11 Trustee to Act as the Foreign Representative Pursuant to 11 U.S.C. § 1505* (the "Baumgartner Trustee Declaration") [Docket No. 117], along with certain of the exhibits attached thereto (together, the "Baumgartner Trustee Declaration Exhibits") [Docket Nos. 117-2, 117-3, 117-4, 117-5, 117-6, 117-7, 117-10, 117-11, 117-12, 117-13, 117-14, 117-25, 117-27, 117-43, 117-44, 117-45, and 117-46];

iii. *Broadband Debtors' Ex Parte Motion for Entry of an Order (I) Granting Relief from the Automatic Stay, (II) Modifying Notice Requirements, and (III) Granting Related Relief* (the "*Ex Parte* Stay Relief Motion");

iv. *Declaration of John D. Baumgartner, Chief Restructuring Officer of the Broadband Debtors, in Support of the Ex Parte Motion for Entry of an Order (I) Granting Relief from the Automatic Stay, (II) Modifying Notice Requirements, and (III) Granting Related Relief* (the "Baumgartner Stay Relief Declaration"), along with certain of the exhibits attached thereto (together, the "Baumgartner Stay Relief Declaration Exhibits");

v. *Declaration of Ong Tun Wei Danny, in Support of Ex Party Motion for Entry of an Order (I) Granting Relief from the Automatic Stay, (II) Modifying Notice Requirements, and (III) Granting Related Relief* (the "Ong Declaration"); and

vi. *Declaration of Anuj Berry, in Support of Ex Party Motion for Entry of an Order (I) Granting Relief from the Automatic Stay, (II) Modifying Notice Requirements, and (III) Granting Related Relief* (the "Berry Declaration", and, together with the Stay Relief Motion, Baumgartner Stay Relief Declaration, Baumgartner Stay Relief Declaration Exhibits, and Ong Declaration, the "*Ex Parte* Stay Motion Documents").

In support of the Motion to Seal, the Broadband Debtors submit the Declaration of John E. Jureller, Jr. (the "Jureller Declaration") attached hereto as **Exhibit "2"** and respectfully represent as follows:

## JURISDICTION

1. This Court has jurisdiction over this Motion to Seal pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Motion to Seal is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought by the Motion to Seal are Sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1.

## BACKGROUND

### I. Brahmbhatt's Individual Chapter 11 Case

3. On August 12, 2025, Brahmbhatt commenced the Individual Chapter 11 Case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

4. Brahmbhatt continues to manage his property as a debtor and debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been

appointed in the Individual Bankruptcy Case. As of the date hereof, no official committee of unsecured creditors has been appointed or designated in the Individual Chapter 11 Case. However, as indicated, the Broadband Debtors have filed the Chapter 11 Trustee Motion seeking the appointment of a Chapter 11 Trustee in the Individual Chapter 11 Case.

5. On October 9, 2026, the Broadband Debtors submitted the *Ex Parte* Stay Motion Documents to the Court. Pursuant to Section 362(f) of the Bankruptcy Code, the *Ex Parte* Stay Motion Documents were submitted directly to Chambers, for the reasons outlined therein, and not initially filed on the docket.

6. On October 15, 2026, the Court signed that certain *Order Granting Broadband Debtors' Ex Parte Motion for Entry of an Order (I) Granting Relief from the Automatic Stay, (II) Modifying Notice Requirements, and (III) Granting Related Relief* (the "Stay Relief Order"). Pursuant to its terms, the Stay Relief Order was also not initially filed on the docket and remained under seal with the Court.

7. On November 2, 2026, Brahmbhatt received notice of the *Ex Parte* Stay Motion Documents and the Stay Relief Order.

8. On November 3, 2026, the Broadband Debtors submitted that certain Letter Motion to the Court [Docket No 115] indicating that pursuant to its terms, the Stay Relief Order and *Ex Parte* Stay Motion Documents should be unsealed and filed on the docket.

9. On November 3, 2026, the Broadband Debtors also filed the Chapter 11 Trustee Motion, the Baumgartner Trustee Declaration, and the Baumgartner Trustee Declaration Exhibits.

10. The Chapter 11 Trustee Motion, the Baumgartner Trustee Declaration, the Baumgartner Trustee Declaration Exhibits, and the *Ex Parte* Stay Motion Documents each contain certain confidential and/or commercially sensitive information.

**II. The Broadband Debtors Chapter 11 Cases**

11. On August 12, 2025, certain of the Broadband Debtors, specifically Broadband Telecom, Bridgevoice, BB Servicer, Carriox Telecap, and Carriox Towercap, each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

12. On October 20, 2025, the remaining Broadband Debtors, BB Capital and Carriox Capital, each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

13. By Orders dated September 17, 2025 [Broadband Chapter 11 Cases, Docket No. 40][1] and November 6, 2025 [Broadband Chapter 11 Cases, Docket No. 91], the Court granted the Broadband Debtors' requests for the procedural consolidation and joint administration of the Broadband Chapter 11 Cases pursuant to Rule 1015(b) of the Bankruptcy Rules.

14. The Broadband Debtors continue to operate their businesses and manage their property as debtors and debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Broadband Debtors' Chapter 11 Cases. As of the date hereof, no official committee of unsecured creditors has been appointed or designated in the Broadband Chapter 11 Cases.

15. Additional information regarding the Broadband Debtors is set forth in the *Declaration of John D. Baumgartner, Chief Restructuring Officer, in Accordance with Rule 1007 of the Federal Rules of Bankruptcy Procedure and Local Rule 1007-4* [Broadband Chapter 11 Cases, Docket No. 36], which is incorporated herein by reference.

**RELIEF REQUESTED**

16. By the Motion to Seal, the Broadband Debtors seek entry of an order, in substantially the same form as the Proposed Order, pursuant to Sections 105(a) and 107(b) of the

[1] The term "Broadband Chapter 11 Cases, Docket No." shall refer to those documents filed on the docket of the Chapter 11 case styled *In re Broadband Telecom, Inc., et al.*, Case No. 25-73095 (LAS).

Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1, authorizing the Broadband Debtors to redact and file under seal: (i) the Chapter 11 Trustee Motion, (ii) the Baumgartner Trustee Declaration, along with the Baumgartner Trustee Declaration Exhibits, and (iii) the *Ex Parte* Stay Motion Documents (collectively, the "Sealed Filings")[2], and to provide unsealed copies of these motions and exhibits only to the Court and then subsequently to Brahmbhatt and the United States Trustee upon the Court's entry of the Proposed Order.

**BASIS FOR RELIEF**

17. Section 107(b) of the Bankruptcy Code enables the Court to issue orders that protect parties from the potential harm that could result from disclosing confidential information:

> On the request of a party in interest, the bankruptcy court shall … (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information ….

11 U.S.C. § 107(b)(1).

18. Section 105(a) of the Bankruptcy Code codifies the Court's inherent equitable powers and empowers it to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

19. Bankruptcy Rule 9018 provides the procedures by which a party may seek relief under Section 107(b) of the Bankruptcy Code:

> On motion or its own initiative, with or without notice, the Court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information ….

Fed. R. Bankr. P. 9018.

[2] For ease of reference, the Baumgartner Stay Relief Declaration Exhibits are identical to the Baumgartner Trustee Declaration Exhibits, except for Exhibits "44", "45", and "46" of the Baumgartner Trustee Declaration Exhibits which are not included within the Baumgartner Stay Relief Declaration Exhibits.

20. Bankruptcy Rule is designed to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury." *In re Global Crossing, Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003). Once the Court determines that a party is seeking protection of information that falls within a category identified in section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting interested party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F. 3d 24, 27 (2d Cir. 1994).

21. The Broadband Debtors submit that the disclosure of certain sensitive information contained in the Sealed Filings may have an impact on the CRO and Independent Director's ongoing investigation to better understand the merits underlying the Broadband Lenders' allegations in the Delaware Action, including testing the legitimacy of the Broadband Debtors' businesses as the same were presented to the Broadband Lenders to induce them to loan monies under the various credit agreements, as well as the commercial interests of other non-debtor entities, including the Broadband Lenders, and as a result, redacting and filing under seal the Sealed Filings is appropriate.

22. Further, the Broadband Debtors submit that disclosure of certain sensitive information contained in the Sealed Filings may have an adverse impact of certain proceedings commenced by the Broadband Debtors and pending in certain international jurisdictions, including Singapore and India, all related to the fraud perpetrated by Brahmbhatt in this matter

23. Lastly, certain information in the Sealed Filings was produced by non-debtor, third parties in response to Rule 2004 subpoenas served by the Broadband Debtors in their Chapter 11 Cases. Certain of these third parties have designated the materials they produced as confidential, subject to certain so ordered confidentiality stipulations (the "Confidentiality Stipulations") in the

Broadband Debtors' Chapter 11 Cases (such designating parties, the "Third Parties"). Among other things, the Confidentiality Stipulations require that the Broadband Debtors seek to seal any confidential information if such information is filed on any public docket. Moreover, the Confidentiality Stipulations allow the Broadband Debtors to share confidential information only with certain enumerated parties, but do not permit the sharing of such information with Brahmbhatt, absent further order of this Court.

24. For these reasons, the Sealed Filings contain confidential information within the meaning of Section 107(b) of the Bankruptcy Code should be sealed. The potential exposure of sensitive commercial information and need for confidentiality outweighs the public interest in access to the information the Broadband Debtors seek to seal. These higher values outweigh the right of public access to this limited information. *See* 11 U.S.C. § 107(b); *In re Orion Pictures Corp.*, 21 F.3d at 27.

25. To balance the interests of all parties, the Broadband Debtors propose to provide unsealed versions of the Sealed Filings to Brahmbhatt, the United States Trustee, and the Broadband Lenders upon entry of the Proposed Order. The Broadband Debtors also propose to provide notice of this Motion to Seal to, among others, the Third Parties. Accordingly, the Broadband Debtors submit that allowing the Sealed Filings to be filed under seal will not prejudice parties in interest.

26. For the foregoing reasons, the Broadband Debtors respectfully request that the Court permit the Broadband Debtors to redact and file under seal the Sealed Filings as set forth in the Proposed Order.

**NOTICE**

27. In accordance with Bankruptcy Rule 9018, the Motion to Seal does not require notice. *See* Fed. R. Bankr. P. 9018 (providing that confidential commercial information may be protected "[o]n motion … with or without notice"). However, the Broadband Debtors will provide notice of the Motion to Seal in accordance with the *Broadband Debtors' Ex Parte Motion to Shorten Time with Respect to the Hearing on the Broadband Debtors' Motion for Leave to File Under Seal Certain Documents Pursuant to Sections 107(b) and 105(a) of the Bankruptcy Code*, filed simultaneously herewith.

**NO PRIOR REQUEST**

28. No previous request for the relief sought herein has been made to this or any other Court.

***[Remainder intentionally blank]***

## CONCLUSION

**WHEREFORE**, for the reasons discussed herein, the Broadband Debtors respectfully request that this Court enter an order, in substantially the same form as the Proposed Order, granting the relief requested herein and granting such other and further relief as is just and proper.

Dated: New York, New York
November 5, 2026

*/s/ John E. Jureller, Jr.*
**KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP**
286 Madison Avenue, 11th Floor
New York, NY 10017
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
Tracy L. Klestadt
John E. Jureller, Jr.
Brendan M. Scott
Andrew C. Brown
Kevin B. Collins
Email: tklestadt@klestadt.com
Email: jjureller@klestadt.com
Email: bscott@klestadt.com
Email: abrown@klestadt.com
Email: kcollins@klestadt.com

*Counsel to the Broadband Debtors*

**KOBRE & KIM LLP**
Daniel J. Saval
Steven G. Kobre
Steven W. Perlstein
John G. Conte (*pro hac vice* forthcoming)
800 Third Avenue
New York, New York 10022
Telephone: + 1 212 488 1200
Facsimile: + 1 212 488 1220
Email: daniel.saval@kobrekim.com
Email: steven.kobre@kobrekim.com
Email: steven.perlstein@kobrekim.com
Email: john.conte@kobrekim.com

John Han
Champion Tower, 25th Floor
3 Garden Road
Central, Hong Kong
Telephone: +852 2127 3288
Facsimile: +852 2127 3280
Email: john.han@kobrekim.com

Robert (Hangcheng) Zhou (admitted *pro hac vice*)
HKRI Centre One, HKRI Taikoo Hui
43rd Floor, 288 Shimen Yi Road
Shanghai, 200041
Telephone: +86 21 3210 2100
Email: robert.zhou@kobrekim.com

*Special Litigation Counsel to the Broadband Debtors*